**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GERALD R. GRAHAM AND WIFE**
**ANN L. GRAHAM** **PLAINTIFFS**

**VERSUS** **CIVIL ACTION NO. 2:07cv7KS-MTP**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; JOSE M. MARCELENO; AND CHARLES SHELTON d/b/a SHELTON ENTERPRISE** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Dismiss for Lack of Jurisdiction **[#75]** filed on behalf of defendant Charles Shelton d/b/a Shelton Enterprise ("Shelton"). The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

On January 29, 2005, the plaintiff, Gerald R. Graham, was driving his vehicle northbound on Interstate 59 in Jones County, Mississippi. Graham's wife, Ann L. Graham, was a passenger in the vehicle. Jose Marceleno was operating his vehicle southbound on Interstate 59 at the same time. A tire from the left rear side of Marceleno's vehicle came off and crossed the grass median of Interstate 59 and into the northbound lane of Interstate 59, where the tire collided with the plaintiffs' vehicle

and allegedly caused significant property damage and physical bodily injuries. On December 13, 2006, the Grahams filed suit in the Circuit Court of Jones County, Mississippi against the State Farm and Marceleno. On January 8, 2007, the defendants filed a Joint Notice of Removal asserting diversity jurisdiction as Marceleno was a resident of Tennessee at the time of the subject accident.

In his deposition of October 17, 2007, defendant Jose Marceleno testified that Shelton Enterprise installed new rims and tires on his personal vehicle which was involved in the accident two days before the accident on January 29, 2005. Shelton Enterprise, owned by Charles Shelton, is a wholesale and retail used car dealership located in Manchester, Tennessee, approximately 65 miles south of Nashville, Tennessee. Shelton buys and sells cars and trucks in the local Manchester and Murfreesboro area, and employs a mechanic that services these vehicles for local clients. Jones County, Mississippi is approximately 350 miles from Manchester, Tennessee.

By Order dated November 27, 2007, the plaintiffs were granted permission to file an Amended Complaint adding defendant Shelton. On December 7, 2007, the plaintiffs filed their First Amended Complaint and issued process for Shelton, who was served on December 27, 2007. On January 24, 2008, defendant Shelton filed the present motion to dismiss asserting that this court has no personal jurisdiction over Charles Shelton d/b/a Shelton Enterprise because Charles Shelton is not a resident of Mississippi, and he has not contracted, committed a tort, or done business in a manner that would subject him to the jurisdiction of the courts of Mississippi.

Defendant Shelton attacks this court's *in personam* jurisdiction. "The party

invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant." *Brown v. Flowers Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982), *cert. denied* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983). When the Court does not rely on an evidentiary hearing but instead decides the motion on the basis of pleadings and exhibits on file, the party urging jurisdiction is only required to present a *prima facie* case of personal jurisdiction. *See Brown v. Flowers Industries, Inc., supra; DeMelo v. Toche Marine Inc.*, 711 F.2d 1260, 1270-71, (5th Cir. 1983), and *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

> The allegations of the complaint except insofar as controverted by opposing affidavits must be taken as true, and all conflicts in the facts must be resolved in favor of the plaintiffs for purposes of determining whether a *prima facie* case for personal jurisdiction has been established.

*Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1165, quoting *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270-71.

"Moreover all conflicts in the facts alleged in the opposing affidavits 'must be resolved in plaintiff's favor for purposes of determining whether a *prima facie* case for *in personam* jurisdiction has been established.'" *DeMelo v. Toche Marine Inc.*, 711 F.2d at 1270, (quoting *Brown v. Flowers Industries, Inc.*, 688 F.2d at 333, quoting *United States Ry. Equipment Company v. Port Huron and Detroit R.R.*, 495 F.2d 1127, 1128 (7th Cir. 1974)). This case is before the court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. "In a diversity action a federal court enjoys jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state." *Brown v. Flowers Industries*, 688 F.2d at 331.

The Fifth Circuit has held that "the concept of personal jurisdiction comprises two

distinct components: amenability to jurisdiction and service of process." *DeMelo*, 711 F.2d at 1264 (other citations omitted). Further "amenability to jurisdiction means that a defendant is within the substantive reach of a forum's jurisdiction under applicable law. Service of process is simply the physical means by which that jurisdiction is asserted." *Id.*

A nonresident defendant is subject to the personal jurisdiction of a federal court sitting in diversity to the same extent a state court sitting in the state where the federal court sits would have. *See, Brown v. Flowers Industries Inc.*, 688 F.2d at 331. For diversity purposes, a state standard of amenability to jurisdiction is applied based on a finding as to whether or not the state court would have had jurisdiction. To determine jurisdiction under the state standard, the court must find that the state's long-arm statute, as interpreted by the courts of that state, applies. *DeMelo*, 711 F.2d at 1265. The court must then determine that the application of the state long-arm statute in the particular case facing the court comports with the due process requirements of the 14th Amendment. *Brown v. Flowers Industries Inc.*, 688 F.2d at 331-32.

As set out above, there are two components to personal jurisdiction. The service of process requirement and the amenability to jurisdiction. The defendant Shelton has not challenged the actual physical service of process but instead by his motion challenges the amenability to the jurisdiction of this court pursuant to the service of process under the Mississippi long-arm statute. The Mississippi statute reads in pertinent part

> Any non resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to

> be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 2000).

Section 13-3-57 is applicable to three types of nonresident defendants. Those are, by the terms of the statute, (1) nonresidents who make a contract with a resident of the state to be performed in whole or in part within the state; (2) any nonresident who commits a tort in whole or in part in the state against a resident or a nonresident; (3) and nonresidents who are "doing business" within the state. *See, Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971).

Under the contract prong of the Mississippi long-arm statute a nonresident defendant must make a contract with a resident of Mississippi to be amenable to process. There is no allegation that Shelton made or entered into any contract with any Mississippi resident in this litigation or indeed, ever. This prong of the Mississippi long-arm statute does not confer jurisdiction over Shelton upon this court.

The plaintiffs (and defendant Marceleno by a separate response) intimate that Shelton may have done business in Mississippi because of his relative proximity thereto. However, Manchester, Tennessee is approximately 200 miles from the nearest border of Mississippi but yet the plaintiffs and Marceleno assert that it is reasonable to assume that one doing business in automobiles in such a location should reasonably anticipate that he will be doing business with Mississippi residents. Shelton has provided an affidavit contradicting this conclusion and any inferences to be drawn therefrom.

Under the doing business prong

> The Supreme Court of Mississippi holds that in order to assert jurisdiction under this aspect of the long arm statute: (1) the nonresident defendant must purposefully do some act or consummate some transaction within the state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by Mississippi must not offend traditional notions of fair play and substantial justice.

*Cycles v. W. J. Digby*, 889 F.2d at 620, (other citations omitted). The doing business prong of the Mississippi long-arm statute bears a certain resemblance to the minimum contacts requirement under the due process analysis. It is clear that under the facts of this case, Shelton was not doing business in Mississippi so as to make him amenable to suit here.

The plaintiffs and Marceleno rely mainly on their argument that Shelton has committed a tort, at least in part, in the State of Mississippi so as to make him amenable to suit here. "Mississippi holds that a tort is not complete until injury occurs; if injury occurs in Mississippi then the tort occurred, at least in part, in the state for purposes of Section 13-3-57." *Cycles Limited v. W. J. Digby, Inc.*, 889 F.2d 612, 619 (5th Cir. 1989). Thus the plaintiffs and Marceleno reason that because Shelton allegedly negligently placed the tires on Marceleno's vehicle and that such negligence caused or contributed to the accident which occurred in Mississippi, Shelton has committed the necessary tort here to make him amenable to suit in this court. *See also, Smith v. Temco*, 252 So.2d at 216.

Thus, under the Mississippi long-arm statute Shelton may be found to have committed a tort in Mississippi under the allegations of the Amended Complaint so as to make him amenable to service of process. Once again, the court stresses that the

burden upon the plaintiff at this point is only to make out a *prima facie* case of jurisdiction. Under that standard, Shelton may indeed be subject to the process of this court. However, additional hurdles remain for the plaintiffs to cross regarding the due process and fundamental fairness of haling Shelton into this forum.

Even if the court were to determine that service of process under the Mississippi long-arm statute was appropriate, the court must next consider whether the exercise of jurisdiction by this court comports with the due process clause of the 14th Amendment and the traditional notions of substantial justice and fair play. *See, Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985).

> The exercise of personal jurisdiction over a nonresident will not violate due process principles if two requirements are met. First, the nonresident defendant must have purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state. *International Shoe Company v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945), *Bullion*, 895 F.2d at 216. And second, the exercise of jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice." *Asahi Metal Industries Company v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033, 94 L. Ed. 2d 92 (1987), (citing *International Shoe*, 326 U.S. at 316, 66 S. Ct. at 158).

*Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).

The Fifth Circuit has also determined that the minimum contacts inquiry is further subdivided into those contacts which give rise to specific personal jurisdiction and those which give rise to general personal jurisdiction.

> Specific jurisdiction is appropriate when the nonresident defendant's contact with the forum state arise from, or are directly related to, the cause of action. (citations omitted). General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contact with the forum state are both continuous and systematic. (citations omitted).

*Wilson v. Belin*, 644 F.2d at 647. "Even a single purposeful contact is sufficient to satisfy the due process requirement of 'minimum contacts' when the cause of action arises from the contact." *Thompson v. Chrysler Motors Corp.*, 755 F.2d at 1172, (Citations omitted). There are no allegations that Shelton purposefully availed himself of benefits or protections from the State of Mississippi. Indeed, his affidavit is directly to the contrary. He specifically disavows any contact with Mississippi related to his business, purposeful or otherwise.

Even, if the court were to find that there are minimum contacts sufficient to comply with the requirements of the 14th Amendment due process clause, the court still may not exercise jurisdiction over Shelton if such would be unreasonable and unfair.

> [I]f a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the "fairness" prong of the jurisdictional inquiry is satisfied. (citations omitted). The Supreme Court has stated that the "fairness" of requiring a nonresident to defend a suit in a distant forum is a function of several factors, including "the interest of the forum state."

*Id.* The factors which have been enunciated by the Supreme Court to be considered in the fairness inquiry are:

> [T]he burden upon the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in securing relief; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies"; and (5) "the shared interest of the several States in furthering fundamental substantive social policies."

*Id.* at fn. 3.

The court thus finds that when one analyzes the fairness of bringing Shelton into this forum, including the interest of Mississippi, the plaintiffs' interest in securing relief, the efficient resolution of the controversy and the burden upon Shelton, it would be fundamentally unfair. This finding coupled with the court's conclusion that there are no

requisite minimum contacts to comport with due process requirements of the 14th Amendment, requires the court to dismiss the claims against Shelton.

IT IS THEREFORE ORDERED AND ADJUDGED the Motion to Dismiss for Lack of Jurisdiction **[#75]** filed on behalf of defendant Charles Shelton d/b/a Shelton Enterprise is Granted and said defendant is dismissed without prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 28th day of March, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE