IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GERALD R. GRAHAM AND WIFE**
**ANN L. GRAHAM**                                                                **PLAINTIFFS**

**VERSUS**                                                       **CIVIL ACTION NO. 2:07cv7KS-MTP**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE**
**COMPANY; AND JOSE M. MARCELENO**                                **DEFENDANTS**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motions for Summary Judgment **[#s 57 & 58]** filed on behalf of defendants Jose M. Marceleno and State Farm and State Farm's Motion to Strike **[#98]**.  The court, having reviewed the motions, the responses, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motions are not well taken and should be denied.  The court specifically finds as follows:

**FACTUAL BACKGROUND**

On January 29, 2005, the plaintiff, Gerald R. Graham, was driving his vehicle northbound on Interstate 59 in Jones County, Mississippi.  Graham's wife, Ann L. Graham, was a passenger in the vehicle.  Jose Marceleno was operating his 1993 Chevrolet pickup southbound on Interstate 59 at the same time.  A tire from the left rear side of Marceleno's vehicle came off and crossed the grass median of Interstate 59 and

entered the northbound lane of Interstate 59, where it collided with the plaintiffs' vehicle and allegedly caused significant property damage and bodily injuries.  On December 13, 2006, the Grahams filed suit in the Circuit Court of Jones County, Mississippi against the State Farm and Marceleno.  On January 8, 2007, the defendants filed a Joint Notice of Removal asserting diversity jurisdiction as Marceleno was a resident of Tennessee at the time of the subject accident.

In his deposition of October 17, 2007, defendant Jose Marceleno testified that Shelton Enterprise installed new rims and tires on his pickup two days before the accident.  Shelton Enterprise, owned by Charles Shelton, is a wholesale and retail used car and tire dealership located in Manchester, Tennessee, approximately 65 miles south of Nashville, Tennessee.  Shelton buys and sells cars and trucks and tires in the local Manchester and Murfreesboro area, and employs a mechanic that services these vehicles for local clients.  Jones County, Mississippi is approximately 350 miles from Manchester, Tennessee.

By Order dated November 27, 2007, the plaintiffs were granted permission to file an Amended Complaint adding defendant Shelton.  On December 7, 2007, the plaintiffs filed their First Amended Complaint and issued process for Shelton, who was served on December 27, 2007.  On January 24, 2008, defendant Shelton filed a motion to dismiss asserting that this court had no personal jurisdiction over Charles Shelton d/b/a Shelton Enterprise because Charles Shelton is not a resident of Mississippi, and he had not contracted, committed a tort, or done business in a manner that would subject him to the jurisdiction of the courts of Mississippi. This court granted Shelton's motion to dismiss on March 28, 2008, **[#88]**.

Prior to the addition of Shelton, the defendants had filed the present motions for summary judgment. The court stayed consideration of those pending the resolution of the Shelton issue and the completion of discovery **[#65]**. The motions are now fully briefed and are ripe for disposition.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*,

799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment

cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **ANALYSIS**

The basis of the defendant Marceleno's motion is his assertion that the plaintiffs,

Gerald and Ann Graham have allegedly failed to show that a genuine issue of material facts exist with regard to the question as to whether or not he, Marceleno, should be liable for any alleged injuries or damages of the plaintiffs.  Defendant State Farm, who is the Graham's Uninsured/Underinsured Motorist's carrier, adopts Marceleno's motion contending that a failure to show liability on the part of Marceleno defeats the plaintiffs' UM claim against it.

   The defendants' entire motion is based on the alleged fact that Shelton Enterprise negligently installed the tires and wheels on Marceleno's vehicle two days before the fateful wreck.  The only support the defendants have for this argument is the deposition testimony of Marceleno himself.  He has testified that after the wreck, he proceeded on his trip to Texas wherein he had to stop every twenty to thirty minutes to tighten the lug nuts on his wheels.  He then returned home to Tennessee.  Once returning home, he allegedly confronted Shelton about the accident and damage to his vehicle caused by the tire becoming disconnected.  Marceleno stated that Shelton told him the wrong lug nuts had been used to install the new wheels and tires and offered to assist Marceleno in repairing his vehicle.  This testimony was the basis for the plaintiffs' request to add Shelton.

   However, now Shelton has furnished an affidavit that the wheels were correctly installed and the correct lug nuts were used on the wheels.  He stated that the only reason he offered to help Marceleno repair his truck was because of his long term relationship with Marceleno's employer, who is his one of his largest customers.

   The defendants argue that defendant Marceleno performed no negligent act whatsoever in purchasing tires for his truck nor could he have reasonably foreseen that

traveling after purchasing new tires would cause an accident to occur.  They assert that Marceleno purchased new tires to enhance the safety of himself and others traveling on the roadway.  They further contend that there has been no evidence presented by the plaintiffs of any mechanical problems with Marceleno's vehicle prior to the accident or improper driving on his part.  Indeed, at the time of the accident, Marceleno did not receive a citation of any kind for speeding or improper driving.  Defendant Marceleno's automobile never made contact with the plaintiffs' vehicle and, therefore, they argue that the plaintiffs' allegations that Marceleno failed to exercise reasonable and proper control over his vehicle are without merit.   The defendants continue to assert that the acts or omissions on the part of Shelton Enterprise constituted the sole proximate cause of the accident.

The plaintiffs point out that the defendants' sole argument for summary judgment is based upon the alleged self-serving deposition testimony of Marceleno and is based upon hearsay statements which Marceleno claims were made to him by the owner of Shelton Enterprise.   As pointed out above, both defendants claim that Shelton Enterprise improperly installed the rims and tires on defendant Marceleno's truck by failing to use the proper size lug nuts and by also failing to securely tighten the wheels to Marceleno's truck.  In the face of this argument, the plaintiffs argue that the affidavit of Charles Shelton creates a genuine issue of fact contradicting the version of facts offered by Marceleno.  The court agrees with this assessment and further notes that defendant State Farm's motion to strike Shelton's affidavit on the basis of his potential, or lack thereof, to be a witness at trial to be disingenuous.

There is no other evidence before the court as to whether the wheels and lug

nuts were properly installed or not. Viewed in the light most favorably to the plaintiffs, there has been an issue of fact created on this issue. Even, however, with the resolution of this issue favorably to the plaintiffs, the liability of Marceleno to the plaintiffs would not be automatically resolved. It is incumbent upon the plaintiffs to offer some proof of negligence on the part of Marceleno in order to recover. The only thing the plaintiffs offer in that regard is a resort to the doctrine of *res ipsa loquitur*.

One of the "best definitions" of the doctrine was set forth by the Mississippi Supreme Court in *Johnson v. Coca-Cola Bottling Co.*, 125 So.2d 537 (Miss. 1960). The court stated

> When a thing which causes injury, without fault of the injured person, is shown to be under the exclusive control of the defendant, and the injury is such as, in the ordinary course of things, does not occur if the one having such control uses proper care, then the injury arose from the defendant's want of care.

125 So.2d at 539.

Res ipsa is not a theory of recovery, it is only a form of circumstantial evidence. *See Dees v. Campbell*, 183 So.2d 624 (Miss. 1986). The doctrine is to be applied cautiously. *See Clark v. Vardaman Mfg. Co.*, 162 So.2d 857, 858 (Miss. 1964). The doctrine has three elements

> 1) the instrumentality causing the damage must be under the exclusive control of the defendant,
>
> 2) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care, and
>
> 3) the occurrence must not be due to any voluntary act on the part of the plaintiff.

*Read v. Southern Pine Elec. Power Ass'n*, 515 So.2d 916, 920 (Miss. 1987)(*citing Clark v. Vardaman Mfg. Co.*, 249 Miss. 42, 162 So.2d 857 (1964); and *Palmer v. Clarksdale*

*Hospital*, 206 Miss. 680, 694, 40 So.2d 582, 584 (1949)).

The *Read* court went on to explain "[w]here there is enough evidence to make a jury question on each of these elements, then the jury may, but is not bound to, infer negligence on the part of the defendant, and the plaintiff is entitled to an instruction to that effect." *Id.,* (*citing Johnson v. Foster*, 202 So.2d 520, 524 (Miss.1967)).

No one disputes elements two and three set forth above. Instead, the defendants attack the res ipsa argument on the basis that the instrumentality which caused the injury was not within the exclusive control of Marceleno at the time of the accident. They in fact argue that the instrumentality which caused the injury was the wheel and tire and not the truck and that Shelton was the last one in exclusive control of the wheels and tires. The plaintiffs contend that the truck was the instrumentality and that Marceleno was most certainly in control of the truck and failed to use due care in the operation thereof by not checking the tightness of the new wheel lug nuts.

Under Mississippi law, "'exclusive control' mentioned in the foregoing definition means that the manufacturer or other defendant sought to be charged with negligence under the doctrine of res ipsa loquitur, is only required to have control of the instrumentality at the time of the negligent act which gives rise to the injury and not necessarily at the time of the accident to the plaintiff." *Johnson v. Coca-Cola Bottling Co.*, 125 So.2d at 239.

This analysis of exclusive control would allow the court to conclude, in this case, that either Shelton or Marceleno could be seen as the one in exclusive control of the instrumentality that caused the damage. If a jury concludes that Shelton did indeed mis-install the new wheels, then in addition to his active negligence, he would be the

entity in exclusive control of the instrumentality at the time such negligence was committed and there would actually be no need to employ the doctrine of res ipsa. However, Shelton's negligence, is a disputed question of fact.

If the jury buys into the plaintiffs' theory that Shelton properly installed the new wheels, then not only is there no active negligence on the part of Shelton, he could not be deemed the one in exclusive control of the injury causing instrumentality at the relevant time. That control falls back on Marceleno at the time of the accident. Viewed in this manner, the court cannot conclude that the doctrine of res ipsa will apply or not because of the factual dispute concerning Shelton's active negligence. Thus, summary judgment is not appropriate in this case.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendants' Motions for Summary Judgment **{#s 57 & 58]** are denied and that the defendant State Farm's Motion to Strike **[#98]** is denied.

SO ORDERED AND ADJUDGED this the 18th day of August, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE